## 17741.  POWELL v. THE STATE.

LUKE, J.  The circumstantial evidence upon which the accused was con-
victed was not sufficient to exclude every reasonable hypothesis save
that of the guilt of the accused, and, therefore, the court erred in over-
ruling the motion for a new trial.

*Judgment reversed.  Broyles, C. J., concurs.  Bloodworth, J., absent on
account of illness.*

DECIDED JANUARY 11, 1927.

Burglary; from Johnson superior court—Judge Camp.  Octo-
ber 23, 1926.

Powell and codefendants were charged with having broken and
entered the smoke-house of Mrs. Williams and taken from it cer-
tain meat.  According to the testimony the meat was taken on the
night of January 25, and on the 26th meat which Mrs. Williams
testified was taken from her smoke-house was found in a branch on
the Rawlings place, a large plantation on which twenty-five or
thirty families were living, and on which Powell conducted a two-
horse farm at a distance of a mile or half mile from where the
meat was found.  Tracks of a mule and buggy were relied on to
connect him with the taking of the meat.  It was testified that the
tracks began in woods about a quarter or half mile from the house
of Mrs. Williams, several miles from where Powell lived, and went
to his yard, which was unfenced, and close to a window of his
house, and could not be traced farther than his yard, but that
neither the mule nor the buggy was found there; that the buggy
was found at the house of one of his codefendants, who lived nearer
than he did to where the meat was found; that he had two mules,
but neither of them made the tracks; that mule and buggy tracks
were found near where the meat was found, but no tracks led from
there to the defendant's house, the tracks were not like those found
at the defendant's house, and "there was no evidence that anybody
had been down to the meat from the defendant's house;" that early
in the morning of the 26th or 27th he was seen going to his house
leading a mule that belonged to Rawlings, and the mule's tracks
"corresponded with the tracks in question;" that he requested a
search of his place, and that no meat of the kind in question was
found there.

*C. S. Claxton, J. L. Kent,* for plaintiff in error.
*Fred Kea, solicitor-general,* contra.

Burglary, 9 C. J. p. 1075, n. 11.